UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREDDIE L. MYLES, § | |
| SPN # 00019683, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-0746 |
| § | |
| ED GONZALEZ, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner Freddie Lee Myles is detained in the Harris County Jail. Myles has filed a petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). After review under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

### I. BACKGROUND

Myles is detained in the Harris County Jail awaiting trial for aggravated sexual assault of a child, Case No. 1623819, 183rd District Court of Harris County.[1] The indictment in Case No. 1623819 charges two of Myles' prior Harris County convictions as enhancements: a 1971 theft conviction (Case No. 140506) and a 1978 robbery

---

[1] *See* Online Public District & County Criminal Records Inquiry, available at https://harriscountyso.org/JailInfo/HCSO_FindSomeoneInJail.aspx (last visited Apr. 29, 2021); Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Apr. 29, 2021). Records from the Harris County Jail indicate that Myles also is detained based on a motion to revoke his parole in Case No. 031901432033.

conviction (Case No. 269196).[2] The district clerk's records reflect that Myles is represented by court-appointed counsel and the next court setting is on May 12, 2021.

Myles' current federal petition seeks to challenge a 1983 conviction for theft in the 174th District Court of Harris County, Case No. 366248 (Dkt. 1, at 1). On February 2, 1983, Myles was found guilty by a jury and, based on two prior felony convictions, was sentenced to life imprisonment.[3] He states that he has fought the "illegal life sentence in [Case No.] 366248" for 44 years (Dkt. 1, at 5). His petition appears to argue that the 1983 conviction improperly relied on his 1978 conviction in Case No. 269196 as an enhancement (*id*. at 2-3). In Case No. 269196, Myles pleaded guilty to robbery and, on February 24, 1978, was sentenced to six years in prison.[4] Myles' petition also references his conviction for theft in Case No. 140506 on September 24, 1971, which is not accessible on Harris County's public website but is referenced in the indictment currently pending against him.[5]

---

[2] *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Apr. 29, 2021) (felony indictment in Case No. 162381901010 dated May 31, 2019, accessible by clicking "Images" tab).

[3] *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Apr. 29, 2021) (Case No. 036624801010) (judgment accessible by clicking "Images" tab).

[4] *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Apr. 29, 2021) (Case No. 026919601010) (judgment accessible by clicking "Images" tab).

[5] *See id*. (Case No. 162381901010) (felony indictment dated May 31, 2019, accessible by clicking "Images" tab).

Myles' past convictions have been upheld on state and federal habeas review. Regarding his 1978 robbery conviction in Case No. 269196, Myles did not file a direct appeal. The Texas Court of Criminal Appeals denied state habeas relief without written order on September 9, 2009 (WR-12,495-15) and dismissed another application as subsequent on March 3, 2021 (WR-12,495-18).[6] Myles filed a federal habeas petition in 1995, which the court dismissed for lack of subject matter jurisdiction because his six-year sentence had expired. *See Myles v. Scott*, Civil Action No. 4:95-0230 (S.D. Tex. Dec. 27, 1995) (holding that Myles was not "in custody" on his expired 1978 conviction and therefore did not meet the requirements of the federal habeas statute); *see also Myles v. Dretke*, Civil Action No. 04-1318 (S.D. Tex. May 28, 2004).

Regarding his 1983 theft conviction in Case No. 366248, Myles' conviction was affirmed by the appellate court. *See Myles v. State*, No. 01-83-0093-CR (Tex. App.–Hou. [1st Dist.] Dec. 29, 1983, no pet.). He challenged the conviction through at least ten state habeas applications, all of which were denied or dismissed.[7] He brought a federal habeas petition in 1999, which the court dismissed as time-barred. *See Myles v. Johnson*, Civil Action No. 4:99-0441 (S.D. Tex. Nov. 17, 2000). His later federal petitions challenging the 1983 conviction were dismissed as unauthorized successive petitions. *See Myles v.*

---

[6] *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Apr. 29, 2021).

[7] *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Apr. 29, 2021) (WR-12,495-3, WR-12,495-4, WR-12,495-5, WR-12,495-6, WR-12,495-7, WR-12,495-8, WR-12,495-9, WR-12,495-13, WR-12,495-14, & WR-12,495-16).

*Quarterman*, Civil Action No. 4:06-2055 (S.D. Tex. July 27, 2006); *Myles v. Quarterman*, Civil. Action No. 4:06-3926 (S.D. Tex. Jan. 8, 2007).

In the case at bar, Myles's petition is difficult to decipher. In his first ground for relief, he appears to allege that his 1983 conviction and life sentence (Case No. 366248) improperly relied on his 1978 conviction (Case No. 269196) as an enhancement (Dkt. 1, at 5-8). In his second ground, he apparently alleges that he improperly faces double jeopardy because the Harris County charges currently pending against him include an enhancement by his 1978 conviction in Case No. 269196, which Myles claims was previously dismissed (*id*. at 8-9).[8] In his third ground, he claims that the prosecutors in his 1983 trial in Case No. 366248 engaged in improper conduct (*id*. at 10-11). Myles' petition additionally alleges that he is entitled to relief from his 1983 conviction and sentence based on insufficiency of the evidence; a violation of *Batson v. Ky*., 476 U.S. 79 (1986); "aggravated perjury" committed by the jury during his trial; his counsel's constitutional ineffectiveness; the sentence's allegedly improper reliance on his 1978 conviction in Case No. 269196; and insufficient proof of his his status as a habitual criminal (*id*. at 14).

## II. DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. To the extent Myles' current petition challenges his 1978 or 1983 convictions, the claims would be barred by

---

[8] Myles labels this as "ground three" in his habeas petition, but his petition does not contain a second ground.

AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). More importantly, Myles has previously brought federal habeas corpus proceedings challenging both convictions.

The AEDPA imposes restrictions on "second or successive" applications for habeas relief. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).

Myles' petition in this case meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). Many of his claims challenging his 1978 or 1983 convictions are subject to dismissal because they were raised in his previous writs. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas

corpus application under section 2254 that was presented in a prior application shall be dismissed"). Even if any claims in his current petition were not previously raised, Myles identifies no proposed claims that could not have been raised in one of his earlier federal habeas proceedings. Additionally, based on Myles' litigation history, the Court determines that the current petition is an abuse of the writ. *See Cain*, 137 F.3d at 235.

A petitioner seeking authorization to file a successive petition must seek that authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Because the appellate court has not authorized a successive petition, this Court lacks jurisdiction over Myles' habeas claims challenging his 1978 and 1983 convictions. *See Adams*, 679 F.3d at 321. Therefore, the Court will dismiss this habeas action as an unauthorized successive writ.

Additionally, to the extent Myles seeks to challenge the prosecution's use of the 1971 and 1978 convictions as enhancements in the Harris County indictment currently pending against him in Case No. 1623819, his challenge under § 2254 is unavailing. In certain cases, a habeas petitioner can challenge an allegedly invalid prior conviction if the petitioner is "in custody" as required for federal habeas jurisdiction, but review of the prior conviction is generally not available "once a state conviction is no longer open to direct or collateral attack in its own right," either "because the defendant failed to pursue those remedies while they were available" or because "the defendant [pursued them] unsuccessfully." *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 403-04 (2001); *see Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (a petitioner does not remain "in custody" on a previous conviction merely because the conviction may be used to enhance a

subsequent sentence). In this case, Myles has unsuccessfully challenged his 1978 and 1983 convictions, and they are no longer open to direct or collateral attack in their own right. *See*, *e.g.*, *Myles v. Johnson*, Civil Action No. 4:99-0441 (S.D. Tex. Nov. 17, 2000) (dismissing challenge to 1983 conviction as time-barred); *Myles v. Scott*, Civil Action No. 4:95-0230 (S.D. Tex. Dec. 28, 1995) (dismissing challenge to his expired 1978 conviction for lack of subject matter jurisdiction). More fundamentally, because Myles has not yet been tried on the charges in Case No. 1623819, no post-conviction relief under § 2254 is available.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 30th day of April, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE